IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

    Petitioner,                   No. CIV S-09-2783 LKK DAD P

    vs.

V. SINGH, et al,                     <u>ORDER AND</u>

    Respondents.             <u>FINDINGS AND RECOMMENDATIONS</u>

    Petitioner, currently confined at the Solano County Jail, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

    Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**PRELIMINARY SCREENING**

    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may

dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

Moreover, the United States Court of Appeals for the Ninth Circuit has held that a district court may dismiss <u>sua sponte</u> a habeas petition on the grounds that it is barred by applicable the statute of limitations so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  <u>See</u> <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042 (9th Cir. 2001).  These findings and recommendations are intended to notify petitioner of the court's intention to dismiss the instant petition because it is untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  If petitioner desires to respond and demonstrate to the court that he has filed this action within the applicable statute of limitations or is eligible for tolling of the limitations period, he may do so by filing objections to these findings and recommendations.

**THE PETITION**

On October 1, 2009, petitioner commenced this action by filing a petition for writ of habeas corpus.  Therein, he challenges a rules violation report ("RVR"), Log #S4-06-07-0333, dated July 7, 2006, issued to him for "Battery on an Inmate."  Petitioner claims, <u>inter alia</u>, that the RVR was improperly based on involuntary and coerced "confidential information" and that prison officials denied him due process at his disciplinary hearing by refusing to allow petitioner to call a witness.  Petitioner seeks dismissal of the RVR and all related documents as well as reinstatement of his ninety days loss of credits.  (Pet. at 6-11, 35-38 & 51-52.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

     (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

     (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II.  Application of § 2244(d)(1)(D)

     The AEDPA one-year statute of limitations "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004) (citation omitted).  See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003) (assuming without deciding that the AEDPA statute of limitations applies to collateral attacks on parole board decisions).  When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the statute of limitations begins to run. Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83.  Under § 2244(d)(1)(D), the limitation

period begins to run "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

In Redd, a California state prisoner challenged the parole board's determination that he was unsuitable for parole. The district court dismissed the prisoner's federal habeas petition as untimely on the ground "that 'the factual predicate' of Redd's claims was the Board's denial of Redd's administrative appeal on December 7, 1998, and that the limitations period began to run on the following day." Redd, 343 F.3d at 1080. The Ninth Circuit affirmed that decision, explaining that the date of the factual predicate was to be determined "by inquiring when Redd could have learned of the factual basis for his claim through the exercise of due diligence." Redd, 343 F.3d at 1082. The Ninth Circuit concluded:

> We agree with the district court that the factual basis of Redd's habeas claims was the Board's denial of his administrative appeal on December 7, 1998. Redd does not dispute that he received notice of the Board's decision on December 7. The limitations period therefore began to run the following day.

Id.

The Ninth Circuit also noted in Redd that four other federal courts of appeals had held that 28 U.S.C. § 2244(d)(1)(D) applies to habeas petitions challenging the decisions of administrative bodies such as parole and disciplinary boards. Id. at 1082 n.8 (citing Wade v. Robinson, 327 F.3d 328, 332 (4th Cir. 2003); Cook v. New York State Div. of Parole, 321 F.3d 274, 280 (2d Cir. 2003); Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003); Kimbrell v. Cockrell, 311 F.3d 361, 364 (5th Cir. 2002)). The Ninth Circuit observed that three of those four courts had decided that the AEDPA statute of limitations begins running in such cases on the date the administrative decision becomes final. Id. at 1084 (citing Wade, Cook, and Burger).[1]

/////

---

[1] Only the Fifth Circuit has held that the limitations period begins to run "when the initial administrative decision is made, before any administrative appeals." Redd, 343 F.3d at 1084 n.11 (citing Kimbrell, 311 F.3d at 363-64).

4

    Subsequently, the Ninth Circuit decided what it had assumed in Redd:

> § 2244's one-year limitation period applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges a pertinent administrative decision rather than a state court judgment.

Shelby, 391 F.3d at 1062-63 (citation omitted).  The Ninth Circuit again cited the decisions in Cook, Wade, and Kimbrell, finding them consistent with the language of AEDPA, rules of statutory construction, and purposes of the AEDPA.  Id. at 1063.  The court considered and rejected the Seventh Circuit's rule that the limitation period does not apply to petitions contesting administrative decisions.  Id. at 1063-65 (discussing Cox v. McBride, 279 F.3d 492, 493-94 (7th Cir. 2002)).  The Ninth Circuit then affirmed the dismissal of Shelby's habeas petition as untimely because he had challenged a prison disciplinary decision that resulted in loss of good time credits but failed to file his federal petition within a year after his administrative appeal was denied.  Id. at 1062.

    In Shelby, it was undisputed that the petitioner's disciplinary decision became final on July 12, 2001, and the district court therefore concluded that the petitioner had until July 12, 2002, to file his federal habeas petition.  Id. at 1065-66.  On appeal, the petitioner argued that, if the one-year statute of limitations applied, his case should be remanded for a finding as to the date he discovered or could have discovered the agency's final action.  Id. 1066.  However, the court concluded that "[h]ere, as in Redd, Shelby does not dispute that he received timely notice of the denial of his administrative appeal on July 12, 2001, and he offers no evidence to the contrary."  Id.  On that record, the Ninth Circuit held that the statute of limitations began to run on July 13, 2001, and expired on July 12, 2002, almost six months before the petitioner filed his federal habeas petition.  Id.

    In this case, petitioner challenged the RVR at issue in this action by pursuing an administrative grievance through the inmate appeals process.  On March 14, 2007, director's level of review denied his appeal.  Petitioner does not dispute, and actually appears to

acknowledge, that prison officials provided him with a copy of the response denying his appeal on that same day. (Pet. at 20-23 & Ex. D.) For purposes of federal habeas review, the court finds that March 14, 2007, the day prison officials provided petitioner with a copy of the director's level decision, was the "date on which the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2244(d)(1)(D). Based on this chronology, the statute of limitations for the filing of a federal habeas petition began to run on March 15, 2007, and expired one year later on March 14, 2008. Cf. Shelby, 391 F.3d at 1066 (limitation period began running day after petitioner received notice of denial of appeal); Redd, 343 F.3d at 1082 (same). Petitioner did not file his federal habeas petition until October 1, 2009, over eighteen months after the statute of limitations for doing so had expired. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III.  Application of § 2244(d)(2)

   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

   In this case, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court, the California Court of Appeal for the First Appellate District, and the California Supreme Court. (Pet. at 4.) However, petitioner did not file his first state habeas

1 petition in the Solano County Superior Court until January 18, 2009, long after the statute of
2 limitations for the filing of a federal habeas petition had expired.  (Pet'r's App. A.)  It is well
3 established that "section 2244(d) does not permit the reinitiation of the limitations period that has
4 ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir.
5 2003).  Accordingly, by the time petitioner filed his federal habeas petition on October 1, 2009,
6 more than one year had run on the AEDPA statute of limitations, rendering his federal petition
7 time-barred.

**CONCLUSION**

IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed as barred by the statute of limitations; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 6, 2009.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
luu2783.156